**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00485-SEP |
| | ) |
| PRESBYTERIAN CHILDREN | ) |
| HOME SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Sidney Keys's application to proceed in the District Court without paying fees or costs. Doc. [2]. Having reviewed the application, the Court grants the motion and allows Plaintiff to proceed *in forma pauperis*. The Court also dismisses the action without prejudice for the reasons set forth below.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff has filed numerous lawsuits in this Court. Over just the past several months, he has filed approximately 15 new cases in this district. The present action arises from his assertion that Defendant Luerencia Ford Stykes has failed to follow a child custody and visitation agreement implemented by the Missouri Department of Children and Family Services and Presbyterian Children Home Services. Doc. [1] at 5. He claims that, in November of 2023, a visitation agreement was implemented that provided for visitation with his two sons but Defendant Stykes has "refused to follow [the visitation agreement]." *Id*. Plaintiff also states in a conclusory manner that Stykes violated his HIPAA rights. *Id*.

Plaintiff seeks damages, visitation with his children, and for Stykes to be placed under arrest. Doc. [1] at 3, 5 and 6.

## DISCUSSION

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over cases involving domestic relations. *See Wallace v. Wallace,* 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *see also, Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction."). In *Khan*, the Eighth Circuit recognized that "[t]he domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." 21 F.3d at 861. Even "when a cause of action

2

closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*.

"The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley*, 2021 WL 5415326 at *6 (quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)).  Here, although Plaintiff drafted his Complaint to allege federal civil rights violations, his claims are "inextricably intertwined" with state court determinations of custody and visitation rights concerning his minor children.  *See Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony, or child custody but instead is closely related.").

Courts have also repeatedly held that HIPAA does not create a private right of action that can be privately enforced through either a § 1983 claim or an implied right of action.  *See Adams v. Eureka Fire Prot. Dist.,* 352 F. App'x 137, 138–39 (8th Cir. 2009); *see also Fogle v. Mo. Dep't of Mental Health*, 2008 WL 5234757, at *2 (E.D. Mo. Dec. 15, 2008).  As such, Plaintiff's HIPAA claims are also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE